## HAYWOOD *v.* CHARLESTOWN.

The statute makes the selectmen of towns a judicial tribunal for laying out highways within their respective limits; the towns themselves having no authority upon that subject.

To give the selectmen jurisdiction, it is essential that an application in writing should first be made to them, and the existence of such application must be shown, to render their proceedings legal and valid.

Since the adoption of the Revised Statutes a highway will not be presumed to have been legally laid out, unless it has been used by the public as a highway for at least twenty years.

CASE, for an injury alleged to have been sustained by the plaintiff through a defect in a highway in said Charlestown. The writ is dated December 29, 1853, and the injury is alleged to have been sustained on the 16th day of September, 1853. Plea, the general issue. To prove the existence of the highway in question the plaintiff offered in evidence the town records of Charlestown, containing what purported to be minutes of the laying out of the highway by the selectmen of Charlestown, under date of October 24, 1835, a copy of which is annexed and makes a part of this case; *a vote* of the town, under an article in the warrant for a town meeting for that purpose, to raise money to build the highway; *an article* in the warrant for a subsequent town meeting, to see if the town would discontinue said highway, and *a vote* of the town not to discontinue the same. He also offered to show that the land damages had been paid by the town, the highway constructed, paid for and opened for public travel by the officers of the town, in 1836, and that it has been in use as a highway since that time; that said highway has been included in the warrants of the highway surveyors made by the selectmen, and has been worked upon under said warrants, and that highway taxes had been worked out thereon up to the time of the accident.

On the part of the defendant it was objected that these facts did not constitute the road in question a legal highway, inasmuch as the records of the town did not show that there had been a petition to the selectmen to lay out said highway, but only showed

a town meeting, called to see if the town would instruct the selectmen to lay out said highway, and a vote of the town to refer the same to the selectmen to do as they saw fit.   Said vote and the article in the warrant for said town meeting are as follows :

" Art. 3d.  To see if the town will lay out a public road, beginning near the south-west corner of David Taylor's farm, running through land of John Dinsmoor, near the school house in school district No. 9, to the old road near Jesse Davis' house."

" 3d.  Voted, to leave it to the discretion of the selectmen to lay out, or not, as they shall judge expedient, a public road according to the description in art. 3d of the warrant."

The plaintiff contended that the town was not now in a position to call in question the existence of the highway, but was estopped to deny that it was legally laid out.   He also contended that the jury might presume from the foregoing evidence that the highway was legally laid out.

The court ruled that, inasmuch as it did not appear from the records of the town that the highway was legally laid out, the town was not estopped to deny the existence of the same as a public highway, until it had been used by the public for a term of time not less than twenty years, and that the jury could not rightfully presume the existence of it as a public highway short of the same period of time.

Whereupon a nonsuit was entered, by consent, to be set aside and a new trial granted, or judgment to be entered thereon, as the Supreme Judicial Court shall order.

*Minutes of a Road laid and established by the Selectmen of Charlestown, the 24th of October,* 1835.

Beginning at a stake set in Charlestown, on the east side of the road leading from Joshua Davis' to Lewis Bond's, a little southerly from Joshua Davis' ; also S. 89 deg. 10 min. east, 2 rods from a maple tree, marked, and standing on the west side of the road ; running thence S. 79 deg. 10 min. E. 71 rods to a stake set in a pass or cleft in a ledge of rocks; thence S. 72 deg.

Haywood v. Charlestown.

45 min. E. 31 rods, this last distance passing 1½ rod northerly of the north-east corner of a school-house; thence S. 80 deg. 50 min. E. 47 rods; thence N. 67 deg. 25 min. E., 20 rods; thence S. 81 deg. 5 min. E. 38½ rods, to the west side of the road leading from David Taylor's to Samuel Putnam's. Distance through land of Joshua Davis 76 rods. Distance through land of John Dunsmore, 131½ rods. The road thus laid to be three rods wide.

Damages assessed to John Dunsmore,    $131.50
   do.       do.     Joshua Davis,     76.00

By the Selectmen,    ISAAC SILSBY,    }   Selectmen
                SETH MEACHAM,    }     of
                S. D. HASSAM,    }   Charlestown.

Copy attest, WILLIAM GORDON, Town-clerk.
Recorded by WILLIAM GORDON, Town-clerk.
A true copy of record. Attest: SAMUEL L. WILDER, Jr.,
                                       Town-clerk, 1853.

*W. P. Wheeler*, for the plaintiff.

1. The town is estopped by their own acts from denying the legal existence of the highway in question. *Commonwealth* v. *Worcester Turnpike*, 3 Pick. 327; *Hicks* v. *Cram*, 17 Vt. 449; *Cincinnati* v. *White*, 6 Peters 431; *Williams* v. *Cummington*, 18 Pick. 312; *Otis* v. *Sill*, 8 Barb. Sup. Ct. 102; *Ryerss* v. *Farwell*, 9 Barb. Sup. Ct. 615.

2. Although no written petition for the laying out of the highway has been found on the town records, the jury might rightfully presume the existence of said petition at the time of the laying out, from the evidence offered by the plaintiff. *Pritchard* v. *Atkinson*, 4 N. H. 9. The statute relied upon by the defendant does not prescribe the kind or amount of proof that shall be offered to show that a highway has been laid out according to statute law.

*E. L. Cushing*, for the defendant.

1. The highway was not laid out agreeably to statute law.

*State* v. *Richmond*, 6 Foster 232; *Wiggin* v. *Exeter*, 13 N. H. 304; *Pritchard* v. *Atkinson*, 3 N. H. 335; *Same* v. *Same*, 4 N. H. 9; *Smith* v. *Knowlton*, 11 N. H. 191; N. H. Laws, (Ed. 1830) page 573.

2. The cases above cited show that, under the circumstances, the selectmen could have no jurisdiction of the subject matter, and that this objection could not he obviated by consent.

3. As to the point that from the evidence the jury might presume that the highway was legally laid out, it is enough to say, that, as the highway was not laid out agreeably to statute law, no such presumption would avail until the highway had been used twenty years. Compiled Statutes, chap. 57, sec. 7, p. 144.

FOWLER, J. By the first section of the act of July 3, 1829, (laws of 1830, p. 573,) in force when the highway in controversy was attempted to be laid out, it was enacted, " That whenever there shall be occasion for any new highway in any town in this State, the selectmen of such town be and hereby are authorized and empowered, on application made to them in writing, to lay out the same," &c., followed by regulations as to the mode and manner of procedure to be adopted in exercising this authority.

By this statute the selectmen of towns were constituted a judicial tribunal for laying out highways within their respective towns. *State* v. *Richmond*, 6 Foster 235. The towns themselves have no authority in relation to the subject.

But it is made an essential prerequisite to the jurisdiction of this tribunal, that an application in writing should first be made to them. Their authority does not extend to the laying out of highways generally, at their own discretion, or upon instructions from the town. They can only lay them out upon applications in writing, made to them for that purpose. The application in writing is essential to give them jurisdiction of the subject matter of a contemplated highway, and the record should properly show the existence of whatever is essential to their jurisdiction. Every thing will be presumed to be without their jurisdiction

which does not distinctly appear by the record to be within it. *Morse* v. *Presby*, 5 Foster 302.

If they shall proceed to act where no written application has been made to them, their authority by the express terms of the statute not extending to such case, their proceedings are merely and absolutely void. Their want of legal authority cannot be supplied. No act or assent of parties can remedy the want of jurisdiction, nor can the exception be waived. *State* v. *Richmond*, 6 Foster 239, 240, and authorities.

In the case before us, it was not proposed to show that any written application was ever made to the selectmen to lay out the highway in controversy. No offer was made to show any search for or loss of such application. Indeed, it appeared that the town were called together to decide upon the propriety of laying it out themselves, and they voted to submit the matter to the discretion of the selectmen. This action of the town clearly conferred no jurisdiction in the premises upon the selectmen, and the subsequent action in refusing to discontinue the road, in causing it to be constructed and kept in repair, and the land damages to be paid, could not do it. The town might well refuse to discontinue what had never been established.

The provision of the seventh section of the fifty-third chapter of the Revised Statutes, that " no highway that has not been laid out agreeably to statute law shall be deemed a public highway, unless the same has been used by the public for a term of time not less than twenty years," is conclusive against the position taken by the plaintiff's counsel on the trial, that the jury might presume the highway to have been legally laid out, from the length of time it had been wrought by the town and used as a highway by the public. It was only seventeen years from the construction of the road to the date of the accident, and no such presumption, by the express words of the statute, could arise in less than twenty years. The position that the jury might presume the highway to have been legally laid out, was only another form of saying that the highway might be deemed a public highway, contrary to the special enactment of the statute, it having been

in use for less than twenty years. To hold that such a presumption might rightfully be made, would be to completely nullify the provisions of the statute.

It has been contended in the argument that it was intended by the position that the jury might presume the highway to have been legally laid out, only that the evidence proposed and offered tended to prove the existence of an application in writing to the selectmen to lay out the road, and that the question should have been submitted to the jury to find upon this evidence whether there was such written application. If such were the intention, and it were proper to raise that inquiry notwithstanding the statute, the question first arising would be whether the evidence offered had any natural and legitimate tendency to show that such an application in writing was ever presented to and acted upon by the selectmen. And we do not perceive any thing in the evidence that had such tendency. On the contrary, taken together, it would seem to us to have a decided tendency the other way, and to tend very strongly to rebut the existence of such written application, and to show that the road was laid out by the selectmen, in the exercise of their discretion, under the vote of the town. The article in the warrant seems to be based on an assumption that the authority to lay out was vested in the town, and the vote passed was a mere attempt to delegate this assumed authority to the discretion of the selectmen. The record of the laying out is perfectly consistent with the idea that the selectmen did it in the exercise of this delegated power, within their discretion. The refusal to discontinue, the making and keeping in repair of the road by the town, and the payment of land damages, could have no legitimate tendency to show the existence of an application in writing, because such application was essential to the jurisdiction of the selectmen, and no acts or admissions of the town could remedy the want of jurisdiction. As the jurisdiction depended on the existence of the previous application in writing, to hold that the acts of the town were competent, and tended to show such an application, would be to hold

in effect that such acts could remedy the want of jurisdiction, and thus accomplish indirectly what could not be done directly.

As we are of opinion that the rulings of the court below were correct, according to the provisions of the case, there must be

*Judgment for the defendant on the nonsuit.*